UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ROBERSON,<br><br>           Plaintiff,<br><br>     v.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social Security<br><br>           Defendant. | No.  C05-2399<br><br>**ORDER GRANTING PLAINTIFF'S<br>MOTION FOR ATTORNEY'S FEES** |

    Plaintiff James Roberson timely applied for an award of attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), for the time that his attorney, Glenn M. Clark ("Clark") expended before this court requesting judicial review of the Commissioner's final decision denying plaintiff disability insurance benefits under Title II of the Social Security Act.

    The Commissioner concedes that plaintiff is entitled to an award of attorney's fees pursuant to EAJA.  She argues, however, that plaintiff's claimed hours are unreasonable and excessive, and warrant a significant reduction.

1

This court has discretion in determining the amount of a fee award, including the reasonableness of the hours claimed by the prevailing party. <u>Gates v. Deukmejian</u>, 987 F.2d 1392, 1398 (9th Cir. 1992) citing <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 437 (1983). Among the factors to be considered in determining reasonable fee are the complexity of the case, the novelty of the issues and the attorney's expertise and skill. See <u>Kerr v. Screen Extras Guild, Inc.</u>, 526 F.2d 67, 69-70 (9th Cir. 1975). In evaluating reasonableness, the court should balance the two goals of the Equal Access to Justice Act: ensuring adequate representation for those in need while minimizing the costs of such representation to taxpayers. See <u>Hall v. Shalala</u>, 50 F.3d 367, 369 (5th Cir. 1995).

Clark claims to have spent 38.7 hours in seeking review of the Commissioner's decision and 9.1 hours on this EAJA claim, which would entitle plaintiff to $7636.53 in fees, plus $250 in costs, totaling $7886.53. Plaintiff contends this is in line with the time required by other attorneys in Social Security cases, citing <u>Patterson v. Apfel</u>, 99 F.Supp.2d 1212 (C.D. Cal. 2000)(plaintiff's counsel reasonably expended 37.25 litigating the merits of the Social Security appeal, including 4 hours spent on oral argument and 3.5 hours litigating the EAJA fee motion).

The Commissioner contends that the claimed amount is excessive and unreasonable. She claims that, unlike <u>Patterson</u>, the sole issue warranting remand here concerned a routine issue (whether Plaintiff could perform his past work) and there was no reply brief or argument because the

1 Commissioner stipulated to a remand.  She argues Clark should
2 be compensated for only two-thirds the amount claimed for the
3 underlying case and only 3.5 hours for the EAJA claim.
4     The Patterson court surveyed several dozen social
5 security cases in which attorney's fees were awarded.  The
6 hours approved ranged from 22.3 to 46.5 (excluding time for
7 further appeals).  Patterson, 99 F.Supp.2d at 1214 n.2.  The
8 court also noted that other district courts have found a
9 "twenty to forty hour benchmark" for social security fee
10 awards. Id.  At the same time, Clark had an ethical duty to
11 familiarize himself with the facts of the case and "[s]ocial
12 security cases are fact-intensive and require careful
13 application of the law to the testimony and documentary
14 evidence." Id. at 1213.
15     The court finds that the hours expended on the motion for
16 summary judgment and motion for attorney's fees were somewhat
17 excessive in light of the fact that the Commissioner
18 stipulated to remand and the case involved routine evaluation
19 of medical evidence and the severity of plaintiff's
20 impairments.  To bring the fees in line with other similar
21 cases, the 9.1 hours requested for the EAJA motion will be
22 reduced to 5.1 hours and the 30.8 hrs spent on drafting the
23 motion for remand will be reduced to 26.8.
24     Plaintiff's motion for attorney's fees and costs is
25 hereby **GRANTED**, with a slight reduction of fees, in the total
26 amount of $6,608.45.  This represents attorney's fees in the
27 amount of $6,358.45, which is the product of $159.76
28 (statutory rate of $125.00 + $34.76 cost of living adjustment)

3

1  multiplied by 39.8 hours, plus $250.00 in costs.

2  Dated:   February 14, 2006

3                                    _____
                                        Bernard Zimmerman
4                                     United States Magistrate Judge

5  G:\BZALL\-BZCASES\ROBERSON\atty fees.wpd

4